RALPH FULLER *v.* EUNICE FULLER

5-4039                                          408 S. W. 2d 884

Opinion delivered December 5, 1966

*Laws & Schulze,* for appellant.

*Gordon & Gordon:* By *Charles H. Eddy,* for appellee.

GUY AMSLER, Justice. This contested divorce suit resulted in denial of a divorce to either party. Appellee Eunice Fuller filed her complaint in the Chancery Court of Pope County on September 10, 1965, for a divorce on the grounds of indignities. Appellant Ralph Fuller, on October 6, 1965, counter-claimed for divorce alleging indignities. Appellant has had custody of the parties' three children since this litigation commenced, with visitation rights for appellee. Custody is not in issue here.

The chancellor heard testimony on January 6, and March 3, 1966, and refused to grant either party a divorce. An earlier order on custody, alimony and visitation rights was continued in force and both parties have appealed.

Appellant's evidence to support his petition for divorce consists primarily of appellee's alleged mistreatment of their children, and his intervention on their behalf. Appellee and their oldest daughter engaged in a rather violent hairpulling contest in the backyard, with a number of their neighbors looking on. Appellant broke this ruction up by slapping appellee a couple of times. There was some other evidence of mistreatment and disagreement.

Appellee admittedly is not in the best health. She suffered a brain concussion in an automobile accident in 1960, and had had major surgery a few months prior to that. Both parties testified that she at times required strong medication (demoral shots) to control her headaches. Appellee's principal testimony on appellant's alleged intolerable conduct was that he refused and neglected to pay their bills, so that she was harassed by bill collectors and was under much tension in trying to get appellant to pay the bills.

Appellee is now residing in Morrilton where she is in training for what appears to be very favorable employment so it may be that the chancellor discerns

some possibilities of a future reconciliation. Anywise he observed and heard the parties and witnesses and is in a better position to evaluate their testimony and determine what later action will best serve the interest of the parties than are we. The situation is admittedly an unfortunate one but where the evidence does not preponderate in favor of either party, we will not disturb the chancellor's decree. Appellant is to pay the costs of appeal.

Affirmed.